IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Case Number:

| | |
|---|---|
| CITY OF CHICOPEE, Acting through the Chicopee Public Schools,<br>　　Plaintiff<br><br>v.<br><br>DAVID T. As Parent and next friend of Kaitlyn T. and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br>　　Defendants | **04-30087-MAP**<br><br>COMPLAINT FOR JUDICIAL REVIEW |

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

FILING FEE PAID:
RECEIPT # 305607
AMOUNT $ 150.00
BY DPTY CLK ____
DATE 5/6/04

## INTRODUCTION

The plaintiff, City of Chicopee acting through the Chicopee Public Schools ("Chicopee") seeks judicial review of a decision issued April 7, 2004 by the Bureau of Special Education Appeals, ("BSEA or the Bureau") an adjudicatory agency of the defendant, Massachusetts Department of Education. (A copy of the BSEA decision is attached as Exhibit A.) Chicopee has been aggrieved by the final decision of the BSEA and seeks a judicial review of that decision pursuant to Mass. General Laws Chapter 30A §14(1)(7), and 20 U.S.C. §1415 (i)(2)(A).

## JURISDICTION and VENUE

This matter is properly before the Court pursuant to the Individuals with Disabilities Education Act (IDEA) set forth at 20 U.S.C. §1415 (i)(2)(A).

## THE PARTIES

1.   Plaintiff Chicopee is a body politic with a usual place of business at 180 Broadway, Chicopee, Hampden County, Massachusetts.

224945-1

2. Defendant David T. ("the Parent") is the Parent and next friend of his minor daughter Kaitlyn T. ("the Student") with a usual place of residence at 182 Poplar Street, Chicopee, Hampden County, Massachusetts.

3. Defendant Massachusetts Department of Education ("the DOE") is an agency of the Commonwealth of Massachusetts. The DOE oversees the BSEA which, inter alia, adjudicates special education disputes between Parents and public school districts. DOE Commissioner David Driscoll has been designated as the Defendant's agent for service of process with a usual place of business at 350 Main Street, Malden, Middlesex County, Massachusetts.

## FACTS

4. On or about June 30, 2003, the Parent requested a hearing before the BSEA seeking to have the Bureau adjudicate "whether or not the Chicopee Public School District has an appropriate program in which to provide [Student] with her right to a free appropriate public education."

5. The parties to the underlying matter participated in a BSEA Prehearing Conference in August 2003 during which Chicopee clarified its proposed individualized educational plan (I.E.P.) for the Student's placement at Chicopee High School for the 2003-2004 school year, and offered an additional individualized tutorial using a reading approach requested by the Parent at the August 2003 Prehearing Conference.

6. In August 2003, Chicopee also offered to have the program proposed for the Student observed by an expert in the area of language-based learning disabilities to determine if there were any deficiencies in the program. Believing that the Parents were in agreement with this proposal, Chicopee retained the services of Dr. Judith Souweine who agreed to

observe Chicopee's 9th Grade Academy program, to meet with the Parents and their advocates, and to provide recommendations to both parties.

7. Rather than cooperate with this process, the Parent unilaterally placed the Student at the White Oak School in Westfield beginning September 2003.

8. Chicopee and the Parent participated in a four-day evidentiary hearing before the BSEA on January 29, 2004, January 30, 2004, February 3, 2004 and February 4, 2004.

9. Dr. Judith Souweine testified extensively about her observations of the proposed Chicopee program and the White Oak School. She also conducted an extensive expert review of the Student's educational records. Based on her analysis and observations, Dr. Souweine opined that Chicopee's proposed I.E.P. for the Student was appropriate to address the Student's needs in the least restrictive setting as required by state and federal law.

10. The Bureau, in its decision of April 7, 2004, gave Dr. Souweine's opinion "little weight" because she did not personally evaluate the Student." See paragraph 16 of page 8 of Exhibit A.

11. The Bureau's stated reason for not crediting Dr. Souweine's testimony is entirely inconsistent with the Bureau's, and the particular hearing officer's, prior decisions regarding the foundation for Dr. Souweine's testimony. Attached as Exhibit B is a copy of a decision rendered on March 12, 2004 from the same hearing officer in a similar case involving a different school district. In Exhibit B, as in the instant case, Dr. Souweine had not personally evaluated the Student. Yet, the hearing officer wrote:

"Judith Souweine, a neuropsychologist, was engaged to review the Student's records, evaluate the [public school program] . . . and the [private school] placement and render an opinion on the appropriateness of each proposed placement.

. . . Dr. Souweine found that [the public school's] inclusion support services, with small group reading and language arts, the emphasis on organizational skills and writing

instruction throughout the day, and the individualized reading tutoring, would offer the Student an appropriate educational program in the most normalized environment. Dr. Souweine testified that [the private school program] is an exemplary language-based program, but is too restrictive and too 'low level' for the student. . . . I found Dr. Souweine to be well informed and forthright and credit her testimony."

12. The central issue decided by the BSEA in the underlying matter was:

"Whether the 2003-2004 Individualized Education Plan developed by Chicopee was reasonably calculated to provide a free appropriate public education to Nelida[1] in the least restrictive setting? (See Exhibit A, page 2, Issue 1.)

13. Rather than address the central issue, the hearing officer referenced alleged procedural violations dating back to the 2000-2001, 2001-2002, and 2002-2003 school years. By the hearing officer's own acknowledgement, those particular issues were not even raised by the Parent at hearing. (See Exhibit A, page 9.)

14. The Parent's expert, Dr. Robert Kemper, testified that he never observed the Student in any academic setting nor did he observe either the proposed program at Chicopee High School or the White Oak School.

15. Dr. Kemper also testified that he never reviewed Chicopee's proposed 2003-2004 I.E.P. which was the subject of this BSEA hearing prior to rendering his opinions about the alleged inappropriateness of the program.

16. Dr. Kemper inaccurately assumed that Chicopee's I.E.P. called for the Student's placement in a regular education general curriculum. He also testified that it was his understanding that the Student would not be provided with any special education or assistance in reading, assumptions that were directly refuted by documentary and oral evidence at hearing.

---

[1] The Student pseudonym Nelida was selected by the Hearing Officer in the underlying Bureau of Special Education Appeals (BSEA) matter #04-0093 to protect the privacy of the Student in publicly available documents.

224945-1                                                        4

17. The BSEA decision misrepresents the Student's academic testing results and falsely states that Chicopee "did not offer any therapeutic services to the family . . . nor did it offer any additional academic special education, as requested by the Parents." (See Exhibit A, page 9).

18. In point of fact, Dr. Souweine testified extensively about the Student's average standard scores on standardized achievement tests and ability to access the Massachusetts Curriculum Frameworks at or near grade level.

19. The Student's 8th grade teacher testified that she and other members of Chicopee's staff repeatedly recommended counseling services, academic support services, various special education services, and a substantially separate special education program for learning disabled Students. According to the testimony at hearing, the Parent rejected all special education services offered by Chicopee outside of the regular education program.

20. The underlying BSEA decision states that "Chicopee failed to provide the Parents with any information necessary to access . . . summer services for the Student." See Exhibit A, page 10. The testimony at hearing was entirely to the contrary. Dr. Andrea Stolar testified about the READ 180 materials and information provided to the Parents prior to the summer 2003.

21. The Bureau's decision falsely states that "Chicopee proposed an I.E.P. that called for the Student's academic instruction in mainstream 9th grade classes with modifications provided by special educator." There was extensive evidence at hearing describing the "school within a school" or "smaller learning environment" program proposed for Student. It was observed by expert Dr. Souweine and described by 9th grade special educator Janice Walsh as a special education inclusion program with a low Student/teacher ratio, ranging from a one-to-one reading tutorial to a science class with

12 Students and 2 teachers. Language-based teaching strategies and instruction occurred across all curriculum areas at a pace consistent with the Student's needs.

22. In addition to the services set forth in the proposed 2003-2004 I.E.P., Chicopee also offered an additional one-to-one reading tutorial in the Orton-Gillingham approach and described the flexibility within the program to permit an additional 45 minutes per day of reading remediation. This testimony appears to have been ignored completely by the BSEA hearing officer.

23. The legal standard to have been applied to the evidence in the underlying BSEA hearing was whether Chicopee's 2003-2004 I.E.P. was reasonably calculated to provide the Student an opportunity to achieve meaningful educational progress, and demonstrable improvement in her identified disabilities. The law further requires that special education and related services be provided in the least restrictive environment, meaning that students with disabilities must be educated with students who do not have disabilities to the extent appropriate. Roland v. Concord School Committee, 910 F.2d 983 (1st Cir. 1990); See Mass. General Laws Chapter 71B; 20 U.S.C. §1412 (5)(A); 603 CMR 28.00 et seq.

24. The only expert who actually reviewed Chicopee's I.E.P. and observed the two program options, Dr. Judith Souweine, testified that in her professional opinion, the White Oak School program is overly restrictive for the Student. She opined that the Student's needs could appropriately be met in the 9th Grade Academy Program while also permitting her to participate in a mainstream setting where appropriate.

25. The BSEA Order rendered on April 7, 2004 states that:
"The Parents are entitled to reimbursement of all out-of-pocket expenses associated with the Student's placement at the White Oak School for the 2003-2004 school year." To

date, the Parents have not submitted any documentation of any out-of-pocket expenses associated with the Student's placement at the White Oak School. Chicopee received an invoice from the White Oak School dated April 12, 2004 reflecting no payments made by the Parents for the Student's education at the White Oak School. See Exhibit C. Accordingly, implementation of the Bureau's order should be stayed.

MASS. GENERAL LAWS CHAPTER 30A, SECTION 14(7)

26. Chicopee repeats and incorporates by reference all allegations set forth in paragraphs 1 through 25 above.

27. The BSEA decision rendered in the underlying matter is "unsupported by substantial evidence thereby requiring the Court to set aside the decision pursuant to Mass. General Laws Chapter 30A §(7).

28. The decision rendered by the Bureau in the underlying matter is unwarranted by the facts on the record to be submitted for judicial review thereby requiring the Court to set aside the decision under M.G.L. Chapter 30A, §7[2].

29. The Bureau's decision in the underlying BSEA matter was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law, thereby requiring the Court to set aside the order under M.G.L. Chapter 30A, §7.

WHEREFORE, Chicopee respectfully requests that this Honorable Court grant the following relief:

A. Set aside the Bureau's decision of April 7, 2004 in the matter of Nelida v. Chicopee Public Schools, BSEA No.: 04-0093;

---

[2] Chicopee requested a copy of the transcript of the underlying BSEA hearing on April 12, 2004 but has yet to receive a copy of the transcript. See Exhibit D.

224945-1                                        7

B. Hear additional evidence consistent with 20 U.S.C. §1415 and M.G.L. Chapter 30A;

C. Stay the Bureau's Order of April 7, 2004; and

D. Grant such other relief as the Court deems appropriate.

THE PLAINTIFF,
CITY OF CHICOPEE Acting through the
CHICOPEE PUBLIC SCHOOLS
BY ITS ATTORNEY

By *Claire L. Thompson*
Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
& Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Phone: (413) 733-3111
Fax: (413) 734-3910
B.B.O. No: 550262

Dated: May 5, 2004