IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Case Number:

CITY OF CHICOPEE, Acting through the
Chicopee Public Schools,
   Plaintiff

v.

DAVID T. As Parent and next friend of
Kaitlyn T. and MASSACHUSETTS
DEPARTMENT OF EDUCATION,
   Defendants

04-30087-MAP

**PLAINTIFF'S MOTION TO STAY**

Now comes the plaintiff, City of Chicopee, Acting through the Chicopee Public Schools ("Chicopee") and respectfully requests that this Honorable Court stay implementation of the attached Order rendered by the Bureau of Special Education Appeals ("BSEA" or "the Bureau") on April 7, 2004. Chicopee has exercised its right to appeal the Bureau's decision and Order by filing a Complaint for Judicial Review of the BSEA decision pursuant to Mass. General Laws Chapter 30A §14(1)(7) and 20 U.S.C. §1415 (i)(2)(A).

The BSEA order should be stayed for several reasons. First, there is a strong likelihood that this Court will set aside the Bureau's decision once the Court has reviewed the transcript of the underlying hearing.[1] The Bureau's decision is patently inconsistent with the evidence presented at hearing. Rather than address the central issue in the case – the appropriateness of the 2003-2004 I.E.P. – the hearing officer based her decision primarily on alleged procedural violations dating back several years. By the hearing officer's own acknowledgement, those alleged procedural violations were not even raised by the Parent at hearing. (See Exhibit A, page

---

[1] Chicopee requested a copy of the transcript on April 12, 2004 but has not yet received it.

225086-1

9). Additionally, the hearing officer ignored the testimony of Chicopee's expert neuropsychologist, Dr. Judith Souweine, who, not only conducted an extensive expert review of the Student's records but also observed the Student in her current program and observed the program proposed by Chicopee. Dr. Souweine opined that Chicopee's 2003-2004 I.E.P. for the Student was appropriate to address the Student's needs in the least restrictive setting as required by state and federal law. Clearly, Dr. Souweine's opinion had ample factual foundation.

In contrast, the hearing officer appears to have accepted the testimony of the Parent's expert, Dr. Robert Kemper, who admitted that he never even reviewed the 2003-2004 I.E.P. that is the subject of the underlying dispute prior to formulating his opinions about the alleged inappropriateness of the program. The Bureau gave Dr. Souweine's opinion "little weight" allegedly because she did not personally evaluate the Student. The stated reason for not crediting Dr. Souweine's testimony is entirely inconsistent with the Bureau's and the particular hearing officer's prior decisions regarding the foundation for Dr. Souweine's testimony.[2]

While the Court must accord "due weight" to the BSEA proceedings, Board of Education v. Rowley, 458 U.S. 176, 206 (1982), it is not required to defer to the hearing officer's findings of fact. Town of Burlington v. Department of Education, 736 F.2d, 773, 791 (1st Cir. 1984), aff'd on other grounds 471 U.S. 359 (1985). The BSEA's findings of law are entitled to even less deference. See Abrahamson v. Hershman, 701 F. 2d, 223, 231 (1st Cir. 1983). In this case, the decision rendered by the Bureau is both unwarranted by the facts and inconsistent with state and federal law.

The BSEA's decision in the underlying matter orders the Parents to be reimbursed for all

---

[2] See Malik v. Gateway Regional Schools BSEA # 04-03142, a copy of which is attached as Exhibit B to the Plaintiff's Complaint.

225086-1

out-of-pocket expenses associated with the Student's placement at the White Oak School for the 2003-2004 school year. To date, the Parents have not submitted any documentation of any out-of-pocket expenses associated with the Student's placement at the White Oak School. Chicopee received an invoice from the White Oak School dated April 12, 2004 reflecting no payments made by the Parents for the Student's education at the White Oak School. See Exhibit B. Implementation of the Bureau's order would, therefore, be premature.

WHEREFORE, Chicopee hereby moves this Court to stay implementation of the Bureau's order for reimbursement of the Parent's out-of-pocket expenses pending the outcome of the above-entitled appeal.

THE PLAINTIFF,
CITY OF CHICOPEE Acting through the
CHICOPEE PUBLIC SCHOOLS
BY ITS ATTORNEY

By _/s/ Claire L. Thompson_
Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
& Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Phone: (413) 733-3111
Fax: (413) 734-3910
B.B.O. No: 550262

Dated: May 6, 2004

## CERTIFICATE OF SERVICE

I certify that this document has been service upon all counsel of record in compliance with F.R.C.P., on May 6, 2004.

_/s/ Claire L. Thompson_
Claire L. Thompson

225086-1

3