UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CITY OF CHICOPEE acting through <br> CHICOPEE PUBLIC SCHOOLS, <br>           Plaintiff <br> <br> v. <br> <br> DAVID T. As parent and next friend of <br> KAITLYN T. and MASSACHUSETTS <br> DEPARTMENT OF EDUCATION <br>           Defendants | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-30087-KPN <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S MOTION TO DISMISS

The Defendants hereby move the court to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6). As grounds therefore the Defendant's state that the Plaintiff's Complaint fails to state a claim against the Defendants upon which relief can be granted.

In the present case there are no legal issues on appeal. The entire appeal rests on the Plaintiff's pleadings that the underlying decision is "unsupported by the substantial evidence thereby requiring the Court to set aside the Decision pursuant to Mass. General Laws Chapter 30A §(7)." However, the Plaintiffs admit that they do not yet possess the transcripts and they cannot cite anything specifically. The Plaintiffs assert in its pleadings that its witness's testimony, namely the testimony of Judith Souweine, should have been given more weight by the hearing officer. However, no where in the complaint do the Plaintiffs describe how that amounts to reversible error. It is well settled that the review process of cases on appeals from the BSEA is a limited review. Legislatively and statutory authority does not provide the reviewing court with the broad latitude to alter the findings of the hearing officer. The First Circuit Court of Appeals states conclusively on this issue:

> "While the IDEA envisions judicial review, the statute "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Lenn v. Portland School Committee, 998 F.2d 1083, 1084 (1st Cir. 07/15/1993) citing Rowley, 458 U.S. at 206. See Roland M., 910 F.2d at 989; Colin K. v. Schmidt, 715 F.2d 1, 5 (1st Cir. 1983).*

The First Circuit Court of Appeals also has held:

> "In the course of this independent review, the administrative proceedings must be accorded "due weight." Although the exact quantum of weight is subject to the district Judge's exercise of informed discretion, the Judge is not at liberty either to turn a blind eye to administrative findings or to discard them without sound reason." *Lenn v. Portland School Committee, 998 F.2d 1083, 1084 (1st Cir. 07/15/1993) See Hampton, 976 F.2d at 52; G.D. v. Westmoreland Sch. Dist., 930 F.2d 942, 946 (1st Cir. 1991).*

The First Circuit Court of Appeals has also held that:

> "'The court, in recognition of the expertise of the administrative agency, must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue.' In the end, the judicial function at the trial-court level is 'one of involved oversight,' *Roland M., 910 F.2d at 989;* and in the course of that oversight, the persuasiveness of a particular administrative finding, or the lack thereof, is likely to tell the tale. *Lenn v. Portland School Committee, 998 F.2d 1083, 1085 (1st Cir. 07/15/1993) citing Burlington, 736 F.2d at 792*

The Plaintiffs neither raise a serious or difficult legal issues in an area where the law is unclear, nor does it present specific facts which demonstrate that the hearing officer's decision was erroneous. Based on the pleadings alone this court cannot find differently based on the narrow scope of review. For example, the Chicopee Public Schools have specifically asserted that it's appeal is based on the grounds that the "Bureau's decision is patently inconsistent with evidence at hearing." This assertion is based solely on the Plaintiff's interpretation of the BSEA decision, which is totally self-serving. The Plaintiff's pleadings fail to back up this claim with any specificity. The Plaintiff's pleadings are contrary to the BSEA decision, which did state with specificity as to how it arrived at its decision. This case focused on the School District's

proposed IEP, which offered READ 180, a Scholastic Inc. program, as it's sole form of remediation. The hearing officer clearly stated regarding that issue:

> "Chicopee argued that its reading class, using READ 180 program, met Dr. Kemper's recommendations for direct, systematic reading instruction. I disagree. …The evidence in this hearing established that READ 180 is a new, exciting, engaging computer assisted tool for developing reading fluency in disadvantaged students attending large public school systems. There is no evidence, however, that it is a targeted, rule based, phonetic system designed to remediate individual reading disabilities. Without showing of effectiveness with the language disabled population, the Parents were entitled to maintain a reasonable degree of skepticism about the READ 180 program"

The parents would also assert that Decision and evidence show that despite the volumes of brochures and hundreds of pages of literature regarding READ 180 that was placed into evidence, along with the testimony of every witness for or against the School District, that no where could anyone find any language that READ 180 is a program designed for Dyslexic or language based learning disabled students. The Decision and record will show that the School District trained one teacher in READ 180 only weeks prior to the beginning of the school year and that teacher had only recently taken up teaching after a twenty-year career at Mass Mutual Insurance Company. Finally, the IEP was not even offering to administer READ 180 according to Scholastic's guidelines. The Hearing Officer stated: "That skepticism grew into a reasonable objection when the proposed IEP failed to provide the full 90 minutes daily of READ 180 instruction recommended by the program developers…" Moreover, despite the School District's assertion that the decision was based entirely on procedural violations, the Decision clearly provides an entire section of substantive reasons why the IEP proposed by the School District was inappropriate. No where in the pleadings does the Plaintiffs show with any specificity how this all amounts to reversible error.

The Plaintiffs are seeking a de novo review wherein it would present new evidence and where it would present its case again in a new light. In the pleadings the Plaintiffs assert that the "Bureau gave Dr. Souweine's opinion "little weight" allegedly because she did not personally evaluate the Student." The Plaintiffs offer another case decided by the BSEA as evidence. This other case is irrelevant and not admissible as evidence in this case in that it involved completely different set of facts to which Dr. Souweine may have had personal knowledge from which to testify.   More importantly, this is "additional evidence" within the meaning of 20 U.S.C. §1415(i)(2)(B)(ii), which the Plaintiff is attempting to enter. Without a request from the judge for additional evidence, or permission to enter additional evidence into evidence, the Plaintiffs are limited to the evidence presented below. In this case the Decision clearly states that Dr. Souweine had no previous personal or expert knowledge of READ 180. The Plaintiffs omits that reasoning from the Decision. The hearing officer states in the Decision that in addition to Dr. Souweine not personally evaluating the student that "Dr. Souweine's knowledge of the READ 180 program came solely through the materials presented to her by Chicopee and her observation of Chicopee's use of the program."  The record will reflect that Dr. Souweine, from her own testimony, had no prior knowledge of READ 180 before this case. From a close reading of the Decision alone the District Court can determine that the facts support the decision of the hearing officer. The Plaintiff's reasoning is self serving and it's appeal, which rests on choosing to ignore or omit language clearly stated in the Decision, falls short of providing the District Court any vehicle or basis to conclude for them. The Plaintiff's would now like this Court to conduct a de novo review wherein it would present new evidence and present evidence again in a different light. As stated by the First Circuit this process is 'one of involved oversight,' *Roland M., 910 F.2d at 989;* and "in the course of that oversight, the persuasiveness of a particular

4

administrative finding, or the lack thereof, is likely to tell the tale." *Lenn v. Portland School Committee, 998 F.2d 1083, 1085 (1st Cir. 07/15/1993) citing Burlington, 736 F.2d at 792.* The Defendants assert that in the present case where the Plaintiff's pleadings are vague and fail to specify exactly what the issues are on appeal, this court has no basis in which to decide for the Plaintiff.

In the event that the District Court should decide at this time not to dismiss this matter, the Defendant's assert that this Court should review the decision of the BSEA, the evidence submitted below and the transcripts and make a determination as to whether the Decision is supported by the evidence. The judge may ask for "additional evidence" if he believes there are any issues that may need further clarity. The Plaintiff's requests for trial de novo is not standard by which this court can review this matter.

WHEREFORE, Kaitlyn T. and her parents respectfully request that the Plaintiff's Complaint for Judicial Review be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative that the Judge should review the Decision, the transcripts and the evidence presented below and dismiss the matter pursuant to Fed.R.Civ.P. 56. The Defendant's also request that this matter be declared a frivolous claim and that the court grant attorney's fees and all other relief it deems appropriate.

    Respectfully submitted,
    The Defendants
    By their attorney

July 16, 2004    **/S/DEREK M. BEAULIEU**
    Derek M. Beaulieu, Esq.
    1242 Main Street, Suite 306
    Springfield, MA 01103
    BBO#644185