UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CITY OF CHICOPEE acting through CHICOPEE PUBLIC SCHOOLS,<br>        Plaintiff<br><br>v.<br><br>DAVID T. As parent and next friend of KAITLYN T. and MASSACHUSETTS DEPARTMENT OF EDUCATION<br>        Defendants | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-30087-KPN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF CITY OF CHICOPEE'S COMPLAINT FOR JUDICIAL REVIEW**

<u>THE PARTIES</u>

1. Defendants have insufficient information to form belief as to the truth of the allegations contained in Paragraph

2. Admitted.

3. Defendants have insufficient information to form belief as to the truth of the allegations contained in Paragraph 3.

<u>FACTS</u>

4. Defendants admit that on or about June 30, 2003, they filed a request for hearing asking for the stated relief, but deny any characterization that the paraphrased quotation represents the only relief requested.

5. Defendants admit that in August 2003, they participated in a BSEA Prehearing Conference, and further responds that after school tutorial services were mentioned, but that it was never

1

formally offered, nor was a specific methodology discussed. The Defendant's are unable to respond to the statement that "Chicopee clarified its proposed IEP," to the extent that it is unclear what the Plaintiffs mean by this term.

6. Denied

7. Denied

8. Admitted.

9. The Defendants respond by stating that the administrative decision speaks for itself as to what Dr. Souweine testified to.

10. The Defendants respond by stating that the administrative decision speaks for itself.

11. The Defendants respond by stating that the administrative decision and the quotation in paragraph 11 is from a different case with different set facts, which has never been referenced in the this administrative hearing until now, and as such is not "additional evidence" within the meaning of 20 U.S.C. §1415(i)(2)(B)(ii), and thus should be stricken. As to the evidentiary standard, the United States Supreme Court will only allow "additional evidence" where it would further the reviewing court's ability to conduct a review of the BSEA decision, without expanding the proceedings to a trial de novo. The Defendants assert that the introduction of these statements into the complaint, and referencing this other BSEA decision, amounts to an attempt to add completely new evidence which would recharacterize these proceeding from a limited review to a trial de novo.

12. The Defendant's responds that, whether the IEP proposed by the Chicopee Public Schools was reasonably calculated to provide Kaitlyn T. with a free appropriate public education, was only

half of the burden it was required to prove and thus the Defendants neither admit or deny that it was the central issue.

13. The Defendants deny the allegations in paragraph 13 of the complaint and further state that the administrative decision speaks for itself.

14. The Defendants deny that Dr. Kemper never observed Kaitlyn is an academic setting. The Defendant's respond that Dr. Kemper never went to Chicopee High School to observe the series of classrooms Kaitlyn would have been placed in pursuant to the proposed IEP. The Defendants deny the allegation that Dr. Kemper has not observed the White Oak School and further state that he testified he has observed that school many times.

15. Denied

16. Denied

17. Denied

18. Denied

19. The Defendants deny the allegations in paragraph 19 of the complaint and further state that the administrative decision speaks for itself.

20. The Defendants deny the allegations in paragraph 20 of the complaint and further state that the administrative decision speaks for itself.

21. The Defendants deny the allegations in paragraph 21 of the complaint and further state that the administrative decision speaks for itself.

22. Denied

23. Denied

24. The Defendants deny the allegations in paragraph 24 of the complaint and further state that the administrative decision speaks for itself.

25. The Defendants admit that they have not submitted documentation of out of pocket expenses to the Chicopee Public School, but deny that they have not made any payments to the White Oak School. The Defendants further respond that this matter and other matters are properly before the BSEA regarding the Chicopee Public Schools for non-compliance of the Decision. The Defendants oppose the requested stay and have filed memorandum in opposition to that effect. The Defendant's further state that the administrative decision speaks for itself.

26. No response is required.

27. Denied

28. Denied

29. Denied

The remainder of the Complaint consists of Requests for Relief that require no answer.

FIRST AFFIRMATIVE DEFENSE

With respect to each and every Count of the Plaintiff's Complaint, and due to the limited standard review and the discretion and weight that is accorded administrative decisions, the Plaintiffs have failed to state a claim for which relief may be granted on appeal. As such this is compliant must be dismissed pursuant to Fed.R.Civ.P. 12(B)(6).

SECOND AFFIRMATIVE DEFENSE

With respect to Count 11 of the Plaintiff's Complaint, the Plaintiff has attempted to admit "additional evidence" to bolster the credibility of her witness. This type of evidence would not have been admissible at the underlying hearing and as such it is outside the meaning of "additional

evidence" as contemplated by 20 U.S.C. §1415(i)(2)(B)(ii). Paragraph 11 or any reference to this other administrative hearing for the purposes of bolstering school district's witness should be stricken.

## RELIEF REQUESTED

Wherefore, the Defendants respectfully request that this Honorable Court should dismiss the Plaintiff's Complaint for Judicial Review and award attorney's fees to the Defendants pursuant to 20 U.S.C. Ch. 33 §1415 (i)(3)(A) for time spent defending the Plaintiff's frivolous action; and grant such other relief as the Court deems just.

|  |  |
|---|---|
|  | Respectfully submitted,<br>The Defendants,<br>By their attorney |
| July 16, 2004 | **/S/DEREK M. BEAULIEU**<br>Derek M. Beaulieu, Esq.<br>1242 Main Street, Suite 306<br>Springfield, MA 01103<br>BBO# 644185 |

5