IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| CITY OF CHICOPEE, Acting through the Chicopee Public Schools,<br>    Plaintiff<br><br>v.<br><br>DAVID T. As Parent and next friend of Kaitlyn T. and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br>    Defendants | Case No: 04-30087-MAP |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT DAVID T.'S MOTION TO DISMISS AND MOTION FOR SANCTIONS**

The Plaintiff, City of Chicopee, acting through Chicopee Public Schools ("Chicopee") opposes the Defendant's, David T., as parent and next friend of Kaitlyn T. ("the Defendant") Motion to Dismiss based on substantive and procedural grounds.  Chicopee further seeks sanctions against the Defendant for the filing of a patently frivolous motion and requests that the Court reimburse Chicopee for the attorney's fees and costs that it has incurred in researching and opposing this Motion to Dismiss.

I.    The Defendant's Motion to Dismiss is Unmeritorious and Frivolous.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), the Court must accept the factual averments in the complaint and supporting exhibits as true, extending every reasonable inference in the plaintiff's favor.  See Jonker v. Kelley, 268 F.Supp. 2d 81, 82 (D. Mass. 2003).  See also, Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992); Gordon v. Ashcroft, 283 F.Supp. 2d 435, 437 (D. Mass. 2003).  The Court may grant dismissal under Rule 12(b)(6) only

234656-1

where it appears beyond doubt that the [plaintiff] can prove no set of facts in support of his claim which would entitle him to relief.  Arloo v. Ashcroft, 238 F.Supp. 2d 381, 385 (D.Mass. 2003), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

The Plaintiff's complaint seeks judicial review of a decision rendered by the Bureau of Special Education Appeals ("BSEA" or "the Bureau") which is an adjudicatory agency of the Defendant, Massachusetts Department of Education.  Chicopee has been aggrieved by the Bureau's decision of April 7, 2004 and is exercising its statutory rights to have the U.S. District Court review that decision pursuant to Mass. General Laws Chapter 30A §14(1)(7) and 20 U.S.C. §1415 (i)(2)(A).  The Individuals with Disabilities Education Act set forth at 20 U.S.C. §1415 (i)(2)(A) expressly grants Chicopee in this case the right to institute suit and requires the Court to do the following:

1. To receive and analyze the transcript and exhibits from the underlying administrative proceeding;

2. To hear additional evidence at the request of either party; and

3. To render a decision granting such relief as the Court determines to be appropriate. 20 U.S.C. §1415 (i)(2)(B).

Further, Mass. General Laws Chapter 30A §14(7) permits the Court to affirm the BSEA's decision; remand the matter for further proceedings before the BSEA; or set aside or modify the Bureau's decision; if this Court determines that the decision rendered by the BSEA was

1. Unsupported by substantial evidence; or

2. Unwarranted by facts found by the Court on the record as submitted or based on additional evidence presented by the Court; or

3. Arbitrary or capricious, an abuse of discretion or otherwise not in accordance with law.  Mass. General Laws Chapter 30A §14(6)(7)(e)(f)(g).

This Court cannot make any of the aforementioned determinations, however, until such time as it has considered "the entire record, or such portions of the record as may be cited by the parties". Mass. General Laws Chapter 30A §14(g).

As of the time of this writing on July 23, 2004, the parties and the Court have yet to receive a copy of "the entire record, or such portions of the record as may be cited by the parties". Thus, it is impossible for Chicopee to cite those portions of the record which support the averments in its complaint. It is equally impossible for the Court to assess whether the Bureau's decision of April 7, 2004 was supported by substantial evidence or warranted by the facts on the record. Given these circumstances, the parents filing of this motion to dismiss can only be viewed as frivolous, intended to cause Chicopee to expend legal fees unnecessarily and to increase the fees that the parents seek to recoup in their companion case of Kaitlyn T. David Tharaldson & Diane Tharaldson v. Chicopee Public Schools and the City of Chicopee, Case No: 04-30086-KPN.

As discussed above, this Court must accept as true the statements in Chicopee's complaint and supporting exhibits and must draw every reasonable inference in the Plaintiff's favor. See Jonker v. Kelley, 268 F.Supp. 2d 81, 82 (D. Mass. 2003). See also, Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992); Gordon v. Ashcroft, 283 F.Supp. 2d 435, 437 (D. Mass. 2003). The salient factual averments in Chicopee's complaint include, but are not limited to, those addressed in paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, as well as the exhibits supporting the Complaint for Judicial Review.

Chicopee avers in the aforementioned paragraphs of the complaint that the hearing officer's acceptance and reliance upon the testimony of the parents' expert, Dr. Robert Kemper, was arbitrary, capricious, unwarranted by the facts on the record, and an abuse of discretion. The central issue to be decided by the BSEA in the underlying matter was: "Whether the 2003-2004 Individualized Educational Plan developed by Chicopee was reasonably calculated to provide a free

appropriate public education to [the Student] in the least restrictive setting?" Dr. Kemper admitted in his testimony that he never reviewed Chicopee's proposed 2003-2004 I.E.P. prior to rendering his opinions about the alleged inappropriateness of the program. Dr. Kemper stated that he assumed that Chicopee's I.E.P. called for the student's placement in a regular education general curriculum. He also testified that it was his understanding that the student would not be provided with any special education or assistance in reading, assumptions that were directly refuted by documentary and oral evidence at hearing. How the hearing officer could have credited Dr. Kemper's testimony is perplexing, at best. It is equally concerning that the hearing officer could have rejected the testimony of neuropsychologist, Dr. Judith Souweine who did, in fact, analyze Chicopee's I.E.P., observe Chicopee's proposed program for the student and observe the student at the White Oak School prior to testifying at hearing. These are only some of the facts which, Chicopee believes, require setting aside the Bureau's decision of April 7, 2004.

Extending every reasonable inference in the Plaintiff's favor, if the aforementioned factual averments are proven to be true, the Court may, consistent with Mass. General Laws Chapter 30A §14(6)(7) and 20 U.S.C. §1415 (i)(2)(B), set aside or modify the Bureau's decision in Chicopee's favor. Until such time as the parties and the Court have analyzed the underlying transcript and record, however, no such determination can be made.

II.     The Defendant's Motion to Dismiss is Procedurally Flawed.

U.S. District Court Local Rule 7.1 sets forth the Court's requirements relative to the filing of motions. Specifically, Local Rule 7.1A(2) states that:

> "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

At no time did counsel for the Defendants contact or in any way consult counsel for Chicopee or make any good faith attempt to resolve or discuss this motion prior to its filing. Had he done so,

counsel for Chicopee would have summarized the arguments set forth in this opposition and, perhaps, avoided the need for both parties to expend considerable monies in legal fees and costs arguing a patently frivolous motion.

      Local Rule 7.1B(1) further states that:

> "A party filing a motion shall at the time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."

      The Defendant ignored the local rule and merely filed one document entitled Defendant's Motion to Dismiss without a memorandum of reasons or citations of supporting authorities that were actually on point. None of the cases cited by the Defendant involve a federal court ruling on an appeal of an underlying administrative agency decision prior to receipt of the transcript of the underlying hearing. The Defendant disregarded the most relevant fact in the procedural posture of this case. Once again, had counsel for the Defendant conferred with counsel for the Plaintiff and/or analyzed the law regarding motions to dismiss, perhaps this unnecessary expense could have been avoided.

III.    <u>Chicopee Requests that the Defendant be Ordered to Reimburse the Plaintiff for All Fees and Costs Expended by It in Opposing this Motion</u>.

      Rule 11 of the Federal Rules of Civil Procedure permits sanctions against a party for the filing of a pleading intended to harass or cause needless increase in the cost of litigation. The Defendants' Motion to Dismiss in this case is so patently frivolous and procedurally inappropriate that the only logical conclusion to be drawn from its filing is that the Defendant intended to harass the Plaintiff or cause a needless increase in the cost of litigation. The potential for the needless increase in the cost of litigation is particularly concerning in this case where the Defendant has instituted a separate action for reimbursement of all attorney's fees and costs incurred by the Defendant in litigating this matter.

234656-1                             5

The frivolous nature of the motion to discuss is further buttressed by the fact that the parties have yet to receive the transcript or record of the underlying proceeding that is the subject of this litigation. How could this Court possibly entertain a motion to dismiss without viewing the record?[1] Further, the Defendant has ignored the Local Rules for the filing of motions, wasted the Court's time, and caused the Plaintiff to expend unnecessary legal fees and costs in researching, drafting, and potentially arguing this motion in Court.

WHEREFORE, Chicopee respectfully requests that this Honorable Court deny the Defendant's Motion to Dismiss and order the Defendant to reimburse Chicopee for all legal fees, costs and expenses incurred in opposing this patently frivolous motion.

>
> FOR PLAINTIFF,
> CITY OF CHICOPEE ACTING
> THROUGH THE CHICOPEE PUBLIC
> SCHOOLS
>
> By ___/s/ Claire L. Thompson_____
> Claire L. Thompson, Esq.
> Doherty, Wallace, Pillsbury
>  & Murphy, P.C.
> One Monarch Place
> 1414 Main Street, 19th Floor
> Springfield, MA  01144
> Phone:  (413) 733-3111
> Fax:    (413) 734-3910
> B.B.O. No:  550262

CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P., on July 23, 2004.

>   __/s/ Claire L. Thompson_____
>   Claire L. Thompson

---

[1] This is not a case where the defendant is arguing improper jurisdiction or venue, issues that may require a dismissal without a review of the underlying transcript.