UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CITY OF CHICOPEE acting through<br>CHICOPEE PUBLIC SCHOOLS,<br>  Plaintiff<br><br>v.<br><br>DAVID T. As parent and next friend of<br>KAITLYN T. and MASSACHUSETTS<br>DEPARTMENT OF EDUCATION<br>  Defendants | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-30086-MAP<br>) CIVIL ACTION NO. 04-30087-MAP<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DAVID T.'S STATEMENT REGARDING
PROPOSED PRE-TRIAL SCHEDULE**

Now comes the Defendant, David T., pursuant to Local Rule 16.1(d)., and respectfully submits the following Statement regarding proposed pre-trial schedule

**I.   PROPOSED AGENDA OF MATTERS TO BE DISCUSSED AT THE SCHEDULING CONFERENCE**

**A.   NATURE OF THE REVIEW AND ADDITIONAL EVIDENCE**

The Plaintiff and the Defendant David T., could not agree on the nature of appeal and thus could not agree on the discovery proceedings. The Defendants therefore suggested that the parties each submit a statement regarding their perspective view of the nature of the appeal and timeline for discovery. The Plaintiff would not agree to this format. Pursuant to the Order of June 9th, 2004 and in keeping with the timeline established therein, the Defendants are hereby submitting their proposed plan for the nature of review and discovery.

## II. **DEFENDANT DAVID T. ET AL.  STATEMENT REGARDING NATURE OF THE REVIEW**

1. This matter is an appeal from an administrative decision of the Bureau of Special Education Appeals.  This matter also contains a companion case regarding attorney's fees which cannot be determined until such time as it is determined who is the prevailing party regarding the issues pertaining to the 2003-2004 school year.  It is the Defendant's position that the Plaintiff has failed to state whether it's appeal is a matter consisting of an error of law or and error of fact and specifically set forth details supporting its claim.  Instead, the Plaintiff has asserted that it is waiting to get the underlying transcripts so that they can review the transcripts and then propose issues of law and facts for appeal.  Before a discovery schedule can be established it must first be determined whether the Plaintiff has a valid appeal. The Defendants also assert that the Plaintiff is using the Discovery process as a "fishing expedition" to find an appeal. Therefore as stated in the Answer, Amended Answer and Motion to Dismiss, this matter should be dismissed for failure to state a claim.

2. Should this matter not be dismissed the scope of review is limited to testimony and documents already in placed into evidence at the administrative hearing level.  Pursuant to 20 U.S.C. §1415(i)(2)(B)(ii) "additional evidence" may be admissible where it would further the reviewing court's ability to conduct a review of the BSEA decision, without expanding

the proceedings to a trial de novo. *See Lenn v. Portland School Committee, 998 F.2d 1083, (1st Cir. 07/15/1993).* The Plaintiff is attempting to turn this appeal into a de novo trial with the submission of new testimony in the form of "non-expert discovery" and statements taken via deposition. The Plaintiff is also prematurely discussing expert witness testimony. The law is clear, the issues must first be made known, then the reviewing judge or a party to the proceeding may offer additional clarity any issues that are unclear. Therefore, the Defendants assert that the issues or facts in dispute must first be established. Then the scope of the review must be determined regarding whether additional evidence will be allowed or not.

The Defendant David T. puts forth the following time line:

1. If not dismissed, the issues on review must clarified by the Plaintiff within thirty (30) days after receipt of the transcript.

2. The Plaintiff shall file a Motion to Leave to Present Additional Evidence thirty (30) days after receipt of the transcript.

3. Defendant's Opposition to Plaintiff's Motion to Leave to Present Additional Evidence, shall be submitted thirty (30) days thereafter.

4. Plaintiff shall file Motion for Summary Judgement no Later than December 1, 2004.

5. The Defendants shall file Opposition to the Plaintiff's Motion for Summary Judgement and Cross Motion for Summary Judgement thirty (30) days thereafter.

**B.  CONSENT TO TRIAL BEFORE MAGISTRATE JUDGE**

Plaintiff has not consented to trial before the Magistrate Judge.

**C.  CERTIFICATION AFFITMING PARTY'S COUNSEL HAVE CONFERED**

Pursuant to Rule 16.1., the Defendant David T., conferred with Attorney Claire Thompson, Plaintiff and James S. Whitcomb, Defendant, regarding the scheduling of the matter mentioned herein.

|  |  |
|---|---|
|  | Respectfully submitted,<br>The Defendants<br>By their attorney |
| JULY 29, 2004 | /s/Derek M. Beaulieu<br>Derek M. Beaulieu, Esq.<br>1242 Main Street, Suite 306<br>Springfield, MA 01103<br>BBO#644185 |