IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION



| | |
|---|---|
| CITY OF CHICOPEE, Acting through the Chicopee Public Schools,<br>  Plaintiff<br><br>v.<br><br>DAVID T. As Parent and next friend of Kaitlyn T. and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br>  Defendants | Case No: 04-30087-MAP |
| KAITLYN T., DAVID THARALDSON AND DIANE THARALDSON,<br>  Plaintiffs<br><br>v.<br><br>CHICOPEE PUBLIC SCHOOLS AND THE CITY OF CHICOPEE,<br>  Defendants | Case No: 04-30086-KPN |

**CHICOPEE'S STATEMENT PROPOSING PRETRIAL SCHEDULE**

Now comes the Chicopee Public Schools and hereby submits its Statement pursuant to U.S. District Court Local Rule 16.1(D) consistent with the Court's electronic order dated July 20, 2004. Chicopee corresponded with counsel for David T. and counsel for the Massachusetts Department of Education pursuant to U.S. District Court Local Rule 16.1(B) on July 22, 2004. On July 29, 2004 opposing counsel indicated to counsel's administrative staff that they preferred to file their own individual statements with the Court.

Civil Action No. 04-30086-KPN entitled <u>Kaitlyn T.; David T; Diane T. v. Chicopee Public Schools and the City of Chicopee</u> is a complaint for reimbursement of attorney's fees pursuant to 20 U.S.C. §1415. The suit for attorney's fees arises from an underlying special education dispute

234479-1

between the parents of Kaitlyn T. and the Chicopee Public Schools. The dispute was adjudicated before the Bureau of Special Education Appeals (BSEA) an agency of the Massachusetts Department of Education and a decision was rendered on or about April 7, 2004.

The case of <u>City of Chicopee v. David T. as parent and next friend of Kaitlyn T and Massachusetts Department of Education</u>, Civil Action No: 04-30087-MAP is a Complaint for Judicial Review of the underlying decision rendered by the BSEA pursuant to Mass. General Laws Chapter 30A §14(1)(7) and 20 U.S.C. §1415 (i) (2)(A). Chicopee seeks to have this Court set aside the Bureau's decision of April 7, 2004 in the case of <u>Nelida[1] v. Chicopee Public Schools</u> BSEA No: 04-0093. Chicopee further seeks to have the Court hear additional evidence consistent with 20 U.S.C. §1415 and M.G.L. Chapter 30(A). It is Chicopee's position that the BSEA decision was not supported by substantial evidence, unwarranted by the facts on the record to be submitted for judicial review[2], arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

Chicopee suggests that the above-entitled matters be adjudicated in phases. Case No: 04-30086-KPN, the claim for attorney's fees under the Individuals with Disabilities Education Act, permits "prevailing parents" within the Court's discretion to recover reasonable attorney's fees and costs incurred in prosecuting matters before the BSEA. The Court cannot determine whether the parents were legally the "prevailing party" until such time as it has ruled on Chicopee's Complaint for Judicial Review of the underlying decision which is Case No: 04-30087-MAP. By necessity, therefore, a judgment must be rendered on Case No: 04-30087-MAP before discovery or motions can occur in Case No. 04-30086-KPN.

---

[1] The student pseudonym Nelida was selected by the hearing officer in the underlying Bureau of Special Education Appeals matter no. 04-0093 to protect the privacy of the student in publicly available documents.
[2] Chicopee requested a copy of the transcript of the underlying BSEA hearing on April 12, 2004 but has yet to receive a copy of that transcript.

234479-1                                                                2

The parents have filed a Motion to Dismiss Case No: 04-30087-MAP arguing that the Complaint fails to set forth a claim upon which relief can be granted under Fed.R.Civ. Pro. 12(b)6. Chicopee has opposed that motion. Contingent upon the Court's denial of the parents' Motion to Dismiss, the parties would agree to the following initial schedule for the aforementioned civil actions:

I. <u>City of Chicopee v. David T., as parent and next friend of Kaitlyn T and Massachusetts Department of Education</u> – Case No: 04-30087

   A. Additional evidence pursuant to 20 U.S.C. §1415 and M.G.L. Chapter 30(A).

   1. The plaintiff will designate and disclose information regarding its lay and expert hearing witnesses within 15 days of receipt of the transcript of the underlying BSEA hearing.

   2. The defendants will designate and disclose information regarding their lay and expert hearing witnesses within 30 days of receipt of the transcript of the underlying BSEA hearing.

   3. An evidentiary hearing of all additional evidence will be completed within 60 days of receipt of the transcript of the underlying BSEA matter.

   B. Dispositive Motions

   All dispositive motions, including motions for summary judgment, will be filed within 45 days of completion of the evidentiary hearing on additional evidence referenced in Section 1A(3) above.

II. <u>Kaitlyn T., David Tharaldson and Diane Tharaldson, v. Chicopee Public Schools and the City of Chicopee</u> – Civil Action No: 04-30086-KPN

   A. All discovery will be completed within 45 days of adjudication of the companion case of <u>City of Chicopee v. David T as parent and next friend of Kaitlyn T and Massachusetts Department of Education</u>, Civil Action No: 04-30087-MAP.

B.  All dispositive motions, including motions for summary judgment, will be filed within 30 days of completion of discovery in this matter No: 04-30086-KPN.

III. The undersigned counsel and authorized representative signing below affirm that the party and its counsel have conferred:

A.  with a view to establishing a budget for the costs of conducting the full course and various alternative courses of this litigation;

B.  to consider resolution of the litigation through the use of alternative dispute resolution programs such as outlined in Local Rule 16.4.

By
Claire L. Thompson, Esq.
For Plaintiff,
City Of Chicopee Acting
Through The Chicopee Public Schools

*Claire L. Thompson* (signature)

By

_____
Daniel Schreier

Dated: July 29, 2004

  B. All dispositive motions, including motions for summary judgment, will be filed within 30 days of completion of discovery in this matter No: 04-30086-KPN.

III. The undersigned counsel and authorized representative signing below affirm that the party and its counsel have conferred:

  A. with a view to establishing a budget for the costs of conducting the full course and various alternative courses of this litigation;

  B. to consider resolution of the litigation through the use of alternative dispute resolution programs such as outlined in Local Rule 16.4.

    By
    Claire L. Thompson, Esq.
    For Plaintiff,
    City Of Chicopee Acting
    Through The Chicopee Public Schools

    *[signature: Claire L. Thompson]*

    By

    *[signature]*
    Daniel Schreier

Dated: July 29, 2004