UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

| | |
|---|---|
| CITY OF CHICOPEE, Acting through the Chicopee Public Schools,<br><br>Plaintiff,<br><br>v.<br><br>DAVID T. As Parent and next friend of Kaitlyn T. and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>Defendants. | CIVIL ACTION NO. 04-30087-MAP |

### DEFENDANT MASSACHUSETTS DEPARTMENT OF EDUCATION'S STATEMENT REGARDING PROPOSED PRE-TRIAL SCHEDULE

#### I. Introduction

Pursuant to the *Notice of Scheduling Conference*, dated June 9, 2004; FED. R. CIV. P. 16(b); and LR.16.1 – defendant Massachusetts Department of Education (the "Department") – by and through its counsel of record -- submits this statement.[1]

---

[1] This action was recently transferred to the undersigned, who entered has entered an appearance for the Department. The undersigned has conferred with counsel for defendant David T. and spoken with an assistant to counsel for plaintiff City of Chicopee ("Chicopee"). Counsel for David T. indicated to the undersigned that counsel for Chicopee was unwilling to include in a joint document David T.'s proposals for the pre-trial schedule. Since there is no joint document containing all three parties' proposals, the Department submits its own document.

## II. **Proposed Discovery Plan and Motion Schedule**

The Department is of the opinion that discovery is not be necessary in this action. However, it appears from Chicopee's proposal that it seeks to conduct discovery and present to this Court evidence in the form of lay and expert witness testimony that is additional to that set forth in the record of the administrative proceeding before the Bureau of Special Education Appeals ("BSEA") under review. *Chicopee's Statement Proposing Pretrial Schedule*, p. 3 (proposing time by which lay and expert witnesses will be designated). The documentary portion of the record of that administrative proceeding has been served and filed with the Court (docket, papers nos. 14-15) and the undersigned has received the transcript, which he expects will served on the other parties before the scheduling conference. Chicopee has not explained what witnesses it plans to call, to what subjects those witnesses will testify, or the reason it failed to present the witnesses to the BSEA. Clearly, Chicopee has not yet made an effort to demonstrate that there exists the "solid justification" required by federal law for the submission of additional evidence. *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990), *cert. denied*, 499 U.S. 912 (1991). Accordingly, before additional evidence is offered to the Court, Chicopee must make the requisite showing. Contrast *Chicopee's Statement Proposing Pretrial Schedule*, p. 3 (proposing time by which "[a]n evidentiary of all additional evidence" will be conducted).

David T. has filed a motion to dismiss (docket, paper no. 18) that has not been argued. In the event that the Court does not allow defendant David T.'s motion to dismiss, the Department proposes the following schedule:

| | | |
|---|---|---|
| 1. | Plaintiff's motion for leave to submit additional evidence, filed. | 30 days after Court's decision on David T.'s motion to dismiss |
| 2. | Defendants' opposition(s) to plaintiff's motion for leave to submit additional evidence, filed. | 30 days after paper no. 1 filed |
| 3. | Plaintiff's motion under Fed. R. Civ. P. 12 and/or 56 motion, filed. | 45 days after Court's decision on plaintiff's motion for leave to submit additional evidence |
| 4. | Defendants' (1) opposition(s) to plaintiff's dispositive motion and (2) cross-motion(s) under FED R. CIV. P. 12 and/or 56, filed. | 45 days after paper no. 3 filed |
| 5. | Plaintiff's (1) reply to defendants' opposition(s) to plaintiff's dispositive motion and (2) opposition to defendants' cross-motion(s), filed. | 30 days after paper no. 4 filed |
| 6 | Defendants' reply(ies), if any, to plaintiff's opposition to defendants' cross-motion(s), filed. | 30 days after paper no. 5 filed |

### III. Other Matters

Whether the record of the administrative proceeding under review in this action should be impounded.

The Department will separately file a LR. 16.1(D)(3) certification.

Respectfully submitted,

MASSACHUSETTS DEPARTMENT
OF EDUCATION

By its attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: *James S. Whitcomb* (signature)

James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED: July 30, 2004.

### CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 30th day of July 2004, I served the foregoing *Defendant Department of Education's Statement Regarding Proposed Pre-trial Schedule* on both other parties by mailing, by first class mail, postage prepaid, a true copy of the document to other party's respective counsel of record:

| FOR CITY OF CHICOPEE, ACTING THROUGH THE CHICOPEE PUBLIC SCHOOLS | FOR DAVID T. AS PARENT AND NEXT FRIEND OF KAITLYN T. |
|---|---|
| Claire L. Thompson, Esquire<br>Doherty, Wallace, Pillsbury<br>& Murphy, P.C.<br>One Monarch Place<br>1414 Main Street, 19th Floor<br>Springfield, MA 01144 | Derek M. Beaulieu, Esquire<br>1242 Main Street, Suite 306<br>Springfield, MA 01103 |

*James S. Whitcomb* (signature)

James S. Whitcomb

4