UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CITY OF CHICOPEE acting through CHICOPEE PUBLIC SCHOOLS,<br>　　　　　Plaintiff<br><br>v.<br><br>DAVID T. As parent and next friend of KAITLYN T. and MASSACHUSETTS DEPARTMENT OF EDUCATION<br>　　　　　Defendants | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-30087-KPN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In response to Plaintiff's Opposition to the Defendant's Motion to Dismiss, the Defendants stand by their assertion that the Plaintiff's Complaint has failed to specifically allege how the Bureau's Decision is unsupported by the weight of the testimony. The appeals process is one of limited review. *See Lenn v. Portland School Committee, 998 F.2d 1083, 1084 (1st Cir. 07/15/1993; Rowley, 458 U.S. at 206. See Roland M., 910 F.2d at 989; Colin K. v. Schmidt, 715 F.2d 1, 5 (1st Cir. 1983.) and Burlington, 736 F.2d at 792.* The Defendants do not disagree with the Plaintiff's assertion that pursuant to M.G.L. Ch 30A that the reviewing court has the authority to determine that the BSEA decision is unsupported by the evidence. However, the Plaintiff still has an obligation to specifically state why the BSEA decision was unsupported by the evidence. Because this review is limited, and because the judges discretion to overturn the underlying decision is limited, the matter will not be overturned unless there is overwhelming evidence. The Plaintiffs must be able to show that an overwhelming portion of the evidence submitted below was ignored. This includes the administrative record, namely the documentary

evidence and the transcripts. The Plaintiffs should be able to assert without benefit of the transcripts at least some testimony and documentary evidence that was ignored. Moreover, the Plaintiff and its counsel were present for the entire hearing, if the Plaintiff cannot assert now how the testimony and the documents, namely the IEP and the expert evaluations, did not support the decision that was rendered, it is unclear how a review of the transcripts will provide her with that information. The only documentary evidence provided thus far was the Plaintiff's submission of a new and completely irrelevant BSEA case. The submission of this BSEA cases as evidence that the underlying decision was not supported by the evidence, is so far over the top and outside of what has been clearly described as "additional evidence", as to make the Defendant's have to consider whether the Plaintiff understands the nature of a limited review. As stated in the Defendant's Motion to Dismiss "additional evidence" pursuant 20 U.S.C. §1415(i)(2)(B)(ii) may be admissible where it would further the reviewing court's ability to conduct a review of the BSEA decision, without expanding the proceedings to a trial de novo. *See Lenn v. Portland School Committee, 998 F.2d 1083, (1st Cir. 07/15/1993).* Additional evidence may be submitted to clarify issues, not create new issues. In this case the Plaintiff attempted to rehabilitate her witness via new evidence submitted with the complaint. Again this is not part of the limited review process, nor is this additional evidence. The Defendant's Motion to Dismiss was well reasoned and appropriate in light of the Plaintiff's Complaint, the evidence that the Plaintiff submitted with the Complaint.

The Defendant's are attempting to turn this into a de novo trial with the submission of new testimony in the form of "non-expert discovery" and statements taken via "deposition." The Plaintiff's proposed Joint Statement provided to the Defendant's counsel on July 6, 2004, raised a number of concerns. The Plaintiff's Joint Statement proposal contained the following language:

    I.    Discovery Plan

      A. The parties confirm their obligation to limit discovery as set forth in F.R.C. P 26 (b). Phased discovery is not desired or requested at this time.
      B. All non-expert discovery, including depositions, shall be completed within 45 days of receipt of the transcript of the underlying proceeding.
      C. The Plaintiff shall designate and disclose information regarding its trial experts as required by F.R.C.P 26(a)(2) within 45 days of receipt of the transcript of the underlying BSEA hearing.
      D. The Defendants shall designate and disclose information regarding their trial experts as required by F.R.C.P 26(a)(2) within 60 days of receipt of the transcript of the underlying BSEA hearing.
      E. All expert depositions, if any, shall be completed within 75 days of receipt of the transcript of the underlying BSEA matter.

The Plaintiffs request for discovery and depositions and trial experts is an attempt to acquire new evidence. The Plaintiff also stated in its Joint Statement that:

> "On April 12, 2004 the Plaintiff filed a request for a copy of the transcript of the underlying hearing but has not yet received a copy of the transcript. The parties must analyze the transcript of the evidence admitted in the BSEA decision in order to frame the issues to be adjudicated in this matter and to determine the extent of and nature of the discovery to be completed."

This demonstrates that the Plaintiff has not yet determined what the basis for the appeal is. The Plaintiff appears to be planning for a new trial. As stated in the Motion to Dismiss, the review process is limited to the evidence already submitted below. *See Lenn v. Portland School Committee, 998 F.2d 1083, 1084 (1st Cir. 07/15/1993; Rowley, 458 U.S. at 206.*

The Plaintiff's complaint, together with the evidence submitted with the complaint and the proposed Joint Statement, presupposes that Plaintiff will have a new trial. The Plaintiff's only assertion is that the Decision is "unsupported by the evidence." The Defendants assert that without more that is a failure to state a claim. The Defendant's are entitled to assert that this matter should be dismissed based on the lack of specificity in the complaint, and based on the fact the Plaintiff is not entitled to a trial de novo.

The Defendant also disputes that he did not confer with Plaintiff's attorney or that he did not attempt to narrow the issue. In fact, the Defendants provided the Plaintiff's attorney with several drafts of proposed joint statements which discussed the nature of review and the failure of the Plaintiff's to state a claim. The Defendants went so far as to propose a joint statement which included both parties understanding of the review process contingent upon the matter surviving 12(b)(6) scrutiny. In the process of drafting the Joint Statement it became apparent that the parties were scheduling for trial with expert witnesses without knowing what was the basis for the appeal. This sentiment was expressed to the Plaintiff in great detail. For the Plaintiff to assert that at now time did the Defendants confer with her on the narrow issue is false.

The Defendant's request for sanctions asserting harassment in light of the totality of the proceedings is remarkable. My clients have asked that I remind the Court that this litigation has been ongoing for almost one year, that they are average people with limited means who have been litigating against a city, who has retained a large law firm and who has kept this case going long after it needed to be. Presently, there are four separate legal matters pending between the parties. The initial matter before the BSEA regarding the 2003-2004 school year is still open because the Plaintiff has not yet reimbursed the parents anything for the tuition paid or for the transportation expense they incurred driving their child to school for the entire year. Then, there is the appeal. The Plaintiff filed the appeal stating only that it was aggrieved and that the evidence did not support the decision. After filing for the appeal the Plaintiff asserted to the parents that it did not have to recognize the placement, or provide transportation for the child. This resulted in a non-compliance hearing before the BSEA wherein the Plaintiff was ordered again to reimburse the parents and provide transportation. The parents have still not yet been reimbursed. The reason for the Plaintiff's failure to reimburse the parents and provide transportation, according to the Plaintiff's lawyer, she

4

was unaware of M.G.L. c. 30A §14(3) which states that "The commencement of an action shall not operate as a stay of enforcement of the agency decision." The Plaintiff's attorney made this statement despite the fact that this specific statue was provided with and referenced in BSEA decision. Additionally, M.G.L. 30A is the same statutory law now put forward by the Plaintiff as the basis for the decision being unsupported by the evidence.

There is also the attorney's fees case. The attorney's fees case is on hold while the appeal is pending which means the Plaintiff has paid nothing thus far to the Defendants in terms of any amount. On July 12, 2004, the Plaintiff has also challenged the child's placement at White Oak School for the 2004-2005 school year, asserting that they have a new program just like the White Oak School at Chicopee High School. However, at the TEAM meeting they could not give the parents any specifics as yet. One thing was clear at the TEAM meeting, the new program does not contain READ 180, despite the fact that the Plaintiff is arguing on appeal that it was appropriate for the 2003-2004 school year.

Finally, the parents assert that on every issue that they have brought forward they have overwhelmingly prevailed. The parents would also assert that it is the Plaintiff who has frivolously and unnecessarily dragged the proceedings out. The Plaintiff asserts that the Motion to Dismiss was an attempt to get attorney's fees, yet the Plaintiff is the party who brought this appeal. Moreover, what will the Plaintiff accomplish on appeal? The 2003-2004 school year is over. The IEP that was the subject of that case is no longer relevant. As it was pointed out to the Plaintiff's attorney at the non-compliance hearing, even if they prevail they still must pay for the out of district placement without the prospect of reimbursement from parent. *School Committee of Burlington, v. Massachusetts Department of Education, 736 F.2d 773, 800 (1st Cir. 1984).* Thus, the only prospect or relief the Plaintiffs have if they prevail would be to forgo paying the

parents attorneys fees. *(Pursuant to 20 U.S.C. Chapter 33 §1415 (i) (3) (B), the Parents would no longer be the "prevailing party").* However, without question the Plaintiff will pay its own attorney, just for litigating the appeal, an amount equal to that which could have been paid to the parents as the prevailing party and the matter would have been over.  The Defendants assert that the real reason for the appeal is an aggressive attempt by the Plaintiff to prevent the parents from having the financial resources to continue to litigate against it for the 2004-2005 school year.

    Lastly, the Plaintiff's assertion that Defendants failure to provide a Rule 7.1 certification renders it's entire motion or argument infirm is absurd.  The Defendants assert that the Plaintiff filed its Motion to Stay without any such motion or without even conferring.  As Plaintiff's attorney likes to say, "if she had conferred with me" I would have explained to her that there is United States Supreme Court case law pertaining to staying the proceedings directly on point.  That would have saved me and my clients the enormous expense associated with opposing the stay in federal court and having to acquire a ruling regarding non-compliance from the BSEA.

    WHEREFORE, Kaitlyn T. and her parents respectfully request that the Plaintiff's Complaint for Judicial Review be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative that the Judge should review the Decision, the transcripts and the evidence presented below and dismiss the matter pursuant to Fed.R.Civ.P. 56.

|  |  |
|---|---|
| July 28, 2004 | Respectfully submitted,<br>The Defendant David T.<br>By their attorney<br>**/S/DEREK M. BEAULIEU**<br>Derek M. Beaulieu, Esq.<br>1242 Main Street, Suite 306<br>Springfield, MA 01103 |