UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHICOPEE, Acting through the Chicopee Public Schools,<br><br>Plaintiff,<br><br>v.<br><br>DAVID T. As Parent and next friend of Kaitlyn T. and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>Defendants. | CIVIL ACTION NO. 04-30087-MAP |

**DEFENDANT MASSACHUSETTS DEPARTMENT OF EDUCATION'S
AMENDED ANSWER TO PLAINTIFF'S "COMPLAINT FOR JUDICIAL REVIEW"**

A copy of the record of the administrative proceedings before the Bureau of Special Education Appeals ("BSEA") having already been filed[1], defendant Massachusetts Department of Education (the "Department") – by and through its counsel of record – answers, as follows, the indicated paragraphs of the *Complaint for Judicial Review* (the "complaint") (docket, paper no. 1) filed by plaintiff City of Chicopee, acting through the Chicopee Public Schools ("Chicopee"):

---

[1] The record has been filed in six volumes: two volumes containing the documentary portion of the record (docket, papers nos. 14-15) and four volumes containing the transcript of the administrative hearing (docket, papers nos. 32-35).

## ["INTRODUCTION"]

[unnumbered ¶]   This paragraph merely characterizes the amendment and the action and therefore no response is required. To the extent that this paragraph summarizes allegations made in other paragraphs of the complaint, the Department adopts by reference its respective answers to those allegations as if fully set forth here.

## ["JURISDICTION and VENUE"]

[unnumbered ¶]   The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

## ["THE PARTIES"]

1. The Department admits the allegations contained in this paragraph.

2. The name and identity of the student and her father have been impounded by the Court until further order.

3. The Department admits the allegations contained in the first sentence of this paragraph. The Department denies the allegation, contained in the second sentence of this paragraph, that "[t]he [Department] oversees the BSEA." The Department admits the remaining allegations contained in the second sentence of this paragraph. The Department admits the allegations contained in the third sentence of this paragraph.

## ["FACTS"]

4. The Department admits the allegation, contained in this paragraph, that "[o]n or about June 30, 2003, the Parent requested a hearing before the BSEA." The remaining allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for

themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

5. The allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately. The Department does state that Chicopee and the Parent participated in a BSEA prehearing conference in August 2003.

6. The allegations contained in the first sentence of this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately. The Department admits the allegation, contained in the second sentence of this paragraph, that Chicopee retained the services of Dr. Judith Souweine. The Department is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of this paragraph.

7. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The Department does state that the Parents enrolled the Student in the White Oak School in Westfield beginning September 2003.

8. The Department admits the allegations contained in this paragraph.

9. The allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision

under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

10. The allegations contained in this paragraph merely characterize a document, the BSEA decision under review, which, together with the record of the administrative proceedings before the BSEA, speaks for itself and therefore the Department is not required to respond. In any event, the Department denies that the document is characterized fully and accurately.

11. The Department admits the allegation, contained in the second sentence of this paragraph, that "Exhibit B is a copy of a decision rendered on March 12, 2004 from the same hearing officer . . . involving a different school district." Unless and until such time that this Court permits this additional evidence to be heard by this Court, the Department denies the remaining allegations contained in this paragraph.

12. The allegations contained in this paragraph merely characterize a document, the BSEA decision under review, which, together with the record of the administrative proceedings before the BSEA, speaks for itself and therefore the Department is not required to respond. In any event, the Department denies that the document is characterized fully and accurately.

13. The allegations contained in this paragraph merely characterize a document, the BSEA decision under review, which, together with the record of the administrative proceedings before the BSEA, speaks for itself and therefore the Department is not required to respond. In any event, the Department denies that the document is characterized fully and accurately.

14. The allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision

under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

15. The allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

16. The allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

17. The allegations contained in this paragraph merely characterize a document, the BSEA decision under review, which, together with the record of the administrative proceedings before the BSEA, speaks for itself and therefore the Department is not required to respond. In any event, the Department denies that the document is characterized fully and accurately.

18. The allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

19. The allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

20.     The allegations contained in the first sentence of this paragraph merely characterize a document, the BSEA decision under review, which, together with the record of the administrative proceedings before the BSEA, speaks for itself and therefore the Department is not required to respond. In any event, the Department denies that the documents is characterized fully and accurately. The allegations contained in the second and third sentences of this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

21.     The allegations contained in the first sentence of this paragraph merely characterize a document, the BSEA decision under review, which, together with the record of the administrative proceedings before the BSEA, speaks for itself and therefore the Department is not required to respond. In any event, the Department denies that the document is characterized fully and accurately. The allegations contained in the second, third, and fourth sentences of this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

22.     The allegations contained in the first sentence of this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and

accurately. The allegations contained in the second sentence of this paragraph merely characterize a document, the BSEA decision under review, which, together with the record of the administrative proceedings before the BSEA, speaks for itself and therefore the Department is not required to respond. In any event, the Department denies that the document is characterized fully and accurately.

23.   The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

24.   The allegations contained in this paragraph merely characterize documents, the record of the administrative proceedings before the BSEA, which, together with the BSEA decision under review, speak for themselves and therefore the Department is not required to respond. In any event, the Department denies that the documents are characterized fully and accurately.

25.   The allegations contained in the first sentence of this paragraph merely characterize a document, the BSEA decision under review, which, together with the record of the administrative proceedings before the BSEA, speaks for itself and therefore the Department is not required to respond. In any event, the Department denies that the document is characterized fully and accurately. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in second and third sentences of this paragraph. To the extent that the allegations contained in the fourth sentence of this paragraph are statements or conclusions of law, the Department is not required to respond. To the extent that the allegations contained in the fourth sentence of this paragraph are factual allegations, the Department denies them.

["MASS. GENERAL LAWS CHAPTER 30A, SECTION 14(7)"]

26.   The Department adopts by reference its respective answers to paragraphs 1 through 25 of the complaint, inclusive, as if fully set forth here.

27. The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

28. The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

29. The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

## AFFIRMATIVE DEFENSE

Further answering, the Department asserts the following affirmative defense: The BSEA, which rendered the decision under review in this action, is an independent agency within the Department and is the proper state defendant in this action.

## CONCLUSION

Wherefore, the Department respectfully requests that this Court (1) substitute the BSEA for the Department as a defendant in this action and thereafter (2) enter a final judgment in favor of the BSEA (a) affirming the BSEA decision under review, *Administrative Record (Volume I of II)*, pp. 89-103, and, in either event, (b) awarding the BSEA its costs incurred in defending this civil action and (3) grant the BSEA such other relief as this Court finds just and reasonable.

By its attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: *James S. Whitcomb*
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED: August 13, 2004.

## CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 13th day of August 2004, I served the foregoing *Defendant Massachusetts Department of Education's Amended Answer to Plaintiff's "Complaint for Judicial Review"* on both other parties by mailing, by first class mail, postage prepaid, a true copy of the document to each other party's respective counsel of record:

FOR CITY OF CHICOPEE, ACTING THROUGH
THE CHICOPEE PUBLIC SCHOOLS

Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
 & Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA  01144

FOR DAVID T. AS PARENT
AND NEXT FRIEND OF KAITLYN T.

Derek M. Beaulieu, Esquire
1242 Main Street, Suite 306
Springfield, MA  01103

*/s/ James S. Whitcomb*
James S. Whitcomb