IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CITY OF CHICOPEE, Acting through the
Chicopee Public Schools,
    Plaintiff

v.

DAVID T. As Parent and next friend of
Kaitlyn T. and MASSACHUSETTS
DEPARTMENT OF EDUCATION,
    Defendants

**Case No: 04-30087-MAP**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO OFFER ADDITIONAL EVIDENCE

### Legal Standard

Pursuant to the Individuals with Disabilities Education Act set forth at 20 U.S.C. §1415 (I)(2)(A)(B) and Mass. General Laws Chapter 30A §14, a party may request judicial review of an administrative agency decision. The parties to the appeal may apply for leave to introduce additional evidence beyond that which was introduced at the administrative hearing. The United States Supreme Court affirmed (in part) a decision by the First Circuit Court of Appeals involving the Massachusetts Bureau of Special Education Appeals (BSEA) in the case of *Burlington v. Department of Education,* 736 F.2d 773 (1985). The introduction of additional evidence is within the discretion of the trial court. Any diagnostic conflict between the parties in the underlying matter and experts on various sides must be resolved in order to evaluate the appropriateness of educational plans considered by the BSEA. See *Broughman v. Yarmouth*, 823

F.Supp. 9, 14, (1st Cir. (1993)(The precise boundaries of additional evidence in the First Circuit is left to the sound discretion of the trial judge.)

The request to present new evidence must be considered when the additional evidence proposed is material and there was good cause for the failure to introduce the evidence at the underlying administrative hearing. *Larson v. Commission on Medical Competency*, 585 N.W.2d 80 (1998); 2 AmJur 2d §562.; *Benmosche v. Board of Registration in Medicine*, 412 Mass. 82 (1992). Evidence may be admissible in proceedings before a district court challenging a special education placement even where such evidence was not reviewed at the administrative hearing. *Roland M. v. Concord School Committee*, 910 F.2d 983 (1st Cir. 1990).

## Factual Background and Analysis

Chicopee seeks to offer testimony from neuropsychologist, Dr. Judith Souweine, who served as an expert witness in the underlying hearing. Dr. Souweine's testimony is material to the Court's review and analysis of the BSEA's April 7, 2004 decision which is the subject of this appeal. Dr. Souweine is the only expert who actually reviewed Chicopee's 2003-2004 I.E.P. which was the subject of the underlying hearing. Dr. Souweine is also the only expert who observed both Chicopee's program and the White Oak School where the student was enrolled prior to formulating her expert opinion at hearing.

In contrast, the parents' expert, Dr. Robert Kemper, testified that he never reviewed Chicopee's proposed 2003-2004 I.E.P.. Dr. Kemper further testified that he never observed the student in any academic setting nor did he observe either the proposed program at Chicopee High School or the current White Oak School program.

Despite the significant differences in the factual foundations for the opinions of the experts, the hearing officer, Lindsay Byrne, ("Ms. Byrne") somehow chose to credit the opinion of Dr. Kemper over that of Dr. Souweine.  The hearing officer wrote on page 8 of her decision:

> "I give Dr. Souweine's opinion in this matter little weight because she did not personally evaluate the student and found the testing results in the record 'confusing'.  Furthermore, Dr. Souweine's knowledge of the READ 180 program came solely through the materials presented to her by Chicopee and her observation of Chicopee's use of the program.  (See page 8 of Exhibit A to Plaintiff's Complaint.)

The hearing officer's stated reason for according Dr. Souweine's opinion "little weight" is entirely inconsistent with her prior decisions relative to Dr. Souweine's credibility and the foundation for Dr. Souweine's testimony.  Ms. Byrne also decided the case of <u>Malik v. Gateway Regional Schools</u>, BSEA No: 04-0314 ("the Gateway case"). (See Exhibit B to Plaintiff's Complaint.) In the Gateway case, Dr. Souweine was also engaged to review the student's records, evaluate Gateway's proposed program and observe the student at a private out of district placement known as the Curtis Blake Day School.  See page 8 of Exhibit B to the Plaintiff's Complaint.  Ms. Byrne indicated in that decision that she "found Dr. Souweine to be well informed and forthright and credit[ed] her testimony."  See page 8 of Exhibit B to the Plaintiff's Complaint.  The Gateway decision fails to state whether or not Dr. Souweine personally evaluated the student.  If permitted to testify at hearing of the above-entitled appeal, Dr. Souweine would state that she never personally evaluated the "Malik" student in the Gateway case either.  She would verify that the tasks she performed prior to formulating her opinion in the Kaitlyn T./Chicopee case were identical to those performed in the Malik/Gateway case.  Accordingly, this Court could find the hearing officer's reason for discrediting Dr. Souweine's testimony in the Kaitlyn T./Chicopee case to be arbitrary or capricious.

Additionally, Ms. Byrne stated that she gave Dr. Souweine's testimony "little weight" because the expert found the record to be "confusing". If permitted to testify in the above-entitled matter, Dr. Souweine would state that she did not use the word "confusing" relative to all of the testing results in this case and that the word "confusing" was taken out of context. Dr. Souweine would state that she noted "ups and downs" or various inconsistencies in Kaitlyn's testing results but that her overall testing demonstrated effective progress in Chicopee's 8th grade program contrary to hearing officer Byrne's decision.

The hearing officer also appeared to discredit Dr. Souweine's opinions regarding Chicopee's READ 180 program stating that her knowledge "came solely through the materials presented to her by Chicopee and her observation of Chicopee's use of the program". Dr. Souweine testified that she did observe the 9th Grade Academy Program at Chicopee High School on November 3, 2003.[1] She described the components of the program in detail and stated that she was "very impressed" with the combination of remediation and inclusion which she described as a "unique and powerful model. The students are not just doing homework, they are being taught skills to be independent and successful in the mainstream." Dr. Souweine found the level of instruction and materials of the Chicopee High School's 9th Grade Academy Program to be more appropriate to a 9th grade student such as Kaitlyn T. than that observed at the White Oak School. She described the READ 180 program and the entire inclusion model at Chicopee High School as multisensory and language-based. The teaching approach is sequential, logical and redundant to ensure the student's understanding of the material while also being motivational. She described the READ 180 program as using a variety of formats and senses. The students

access material auditorily on taped books, in written form, on the computer, and through the use of music and graphics, all of which Dr. Souweine found to be very "enticing and motivational".

Further, Dr. Souweine testified that she tried the READ 180 program herself and intentionally made errors to experience the program as a typical student would. She testified that she found the program to be entirely integrated in addressing the same skills in spelling, decoding and writing. After experiencing the program herself, she believes that the READ 180 program would "more than meet Kaitlyn's individual needs while permitting her to be part of a group."

In addition to observing and trying the program herself, Dr. Souweine would clarify if permitted to testify that she based her opinions on the multitude of exhibits summarizing the research supporting the efficacy of the READ 180 program for learning disabled and dyslexic students. Dr. Souweine would testify that she considered Exhibits S3, S15, S27, S29, S30, S31, S32 and S33.

Dr. Souweine would state that she found Exhibit S30 to be particularly instructive regarding the issues in dispute in this case since it provided a detailed correlation between the READ 180 program and each English/language arts/reading skill required to be taught pursuant to the Massachusetts curriculum frameworks. As such, Dr. Souweine would clarify that she did not limit the foundation for her opinions to materials provided to her by Chicopee as stated by the hearing officer. The aforementioned exhibits consist of articles summarizing research studies using the READ 180 series with a variety of youngsters. Dr. Souweine would testify that she

---

[1] In contrast, the parents expert, Dr. Kemper, testified that his knowledge of the READ 180 program was derived from his research on the internet.

considered all of this information prior to rendering her expert opinions at hearing.

For all of the reasons stated above, Chicopee would respectfully request that it have an opportunity to offer additional material testimony from neuropsychologist, Dr. Judith Souweine, to assist the Court in fairly and comprehensively reviewing the hearing officer's decision in the underlying Bureau of Special Education Appeals matter.

FOR PLAINTIFF, CITY OF CHICOPEE
ACTING THROUGH THE CHICOPEE
PUBLIC SCHOOLS

By _____
Claire L. Thompson, Esq.
Doherty, Wallace, Pillsbury
 & Murphy, P.C.
1414 Main Street, 19th Floor
Springfield, MA  01144
Phone:  (413) 733-3111
Fax:    (413) 734-3910
B.B.O. No:  550262

CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P., on August 18, 2004

_____
Claire L. Thompson