UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHICOPEE, Acting through the Chicopee Public Schools,<br><br>Plaintiff,<br><br>v.<br><br>DAVID T. As Parent and next friend of Kaitlyn T. and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>Defendants. | CIVIL ACTION NO. 04-30087-MAP |

## DEFENDANT MASSACHUSETTS DEPARTMENT OF EDUCATION'S OPPOSITION TO "PLAINTIFF'S MOTION FOR LEAVE TO OFFER ADDITIONAL EVIDENCE"

Defendant Massachusetts Department of Education (the "Department") – by and through the Attorney General of the Commonwealth of Massachusetts, its counsel – opposes the *Plaintiff's Motion for Leave to Offer Additional Evidence* ("Pl. Motion") (docket, paper no. 38) filed by the City of Chicopee, Acting though the Chicopee Public Schools ("Chicopee"), and requests that the motion be denied.

### ARGUMENT

There are two separate strands to the motion that require separate analysis. The first strand seeks to offer testimony of Dr. Judith Souweine concerning her role in a matter that led to the decision of the Bureau of Special Education Appeals ("BSEA") in *Malik v. Gateway Regional*

*Schools*, BSEA # 04-0314.[1]  See *Memorandum in Support of Plaintiff's Motion for Leave to Offer Additional Evidence* ("*Pl. Supporting Memo.*") (docket, paper no. 39), p. 3. The second strand seeks to offer testimony of Dr. Souweine concerning her prior testimony at the BSEA administrative hearing that resulted in the decision under review in this action. First volume of documentary record (docket, paper no. 14), pp. 89-103 (decision).[2]

Chicopee argues that this Court is authorized to receive additional evidence when, in addition to satisfying other requirements, the evidence "could *not* have been introduced at the underlying administrative hearing." *Pl. Motion*, p. 1 (emphasis added) (citing *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773 [1st Cir. 1984], *aff'd*, 471 U.S. 359 [1985]; see also *Pl. Supporting Memo.*, p. 2 (citing *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983 [1990], *cert. denied*, 499 U.S. 912 [1991], for the proposition that evidence "not reviewed" at the administrative hearing may be admissible). The second strand of the motion does not satisfy this condition.

Dr. Souweine testified at the underlying administrative hearing and her testimony is reproduced in the transcript of that hearing filed with this Court. Transcript, Volume III (docket, paper no. 34), pp. 129-155; Transcript, Volume IV (docket, paper no. 35), pp. 4-124. The record here confirms that Dr. Souweine's testimony could have been (because it was) introduced at the administrative hearing and establishes that Chicopee can not demonstrate that her testimony "could not" have been introduced there. Indeed, Chicopee mainly seeks no more than to have Dr. Souweine

---

[1] The *Malik* decision is Exhibit B to Chicopee's *Complaint for Judicial Review* (docket, paper no. 1).

[2] As the Department noted in its amended answer (docket, paper no. 37), the BSEA, which rendered the decision under review, is an independent agency within the Department. The BSEA is the proper state defendant in this action and should be substituted for the Department as a defendant.

2

repeat in this Court her prior administrative hearing testimony. For example, Chicopee seeks leave to permit Dr. Souweine to "state that she did not use the word 'confusing' relative to all of the testing results . . . ." *Pl. Supporting Memo.*, p. 4 (lines 3-4). The motion later continues, simply describing, from Chicopee's viewpoint, what Dr. Souweine stated at the administrative hearing: She "testified," "described," "stated," or "found" certain things. *Pl. Supporting Memo.*, p. 4 (lines 10-21), p. 5 (lines 1-6). What Dr. Souweine said or did not say at the administrative hearing is apparent from the transcript of administrative hearing containing her testimony that is available to the Court. Transcript, Volume III, pp. 129-155, Transcript, Volume IV, pp. 4-124. Federal law, 20 U.S.C. § 1415(i)(2)(B)(ii), "does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985). In the balance of its memorandum, Chicopee seeks leave to permit Dr. Souweine to embellish her prior administrative hearing testimony: to "clarify" or amplify it. *Pl. Supporting Memo.*, pp. 5-6. As the First Circuit Court of Appeals has already determined, Dr. Souweine is not authorized to embellish her prior administrative hearing testimony. *Town of Burlington*, 736 F.2d at 790. This Circuit's settled precedent concerning the circumstances under which "additional evidence" may be heard requires that the second strand of the motion be denied.[3]

---

[3] To the extent that Chicopee relies on state law, the second strand of the motion should be denied, for among any other applicable reasons, because the applicable state statute, M.G.L. c. 30A, § 14, does not authorize a Court to hear additional evidence. That statute requires that the additional evidence, if taken at all, "be taken *before the agency* upon such conditions as the court deems proper." M.G.L. c. 30A, § 14(6) (emphasis added). *Sch. Comm. of Franklin v. Comm'r of Educ.*, 395 Mass. 800, 812, 482 N.E.2d 796, 804 (1985) (case concerned responsibility for the payment of the cost of educating in a private school a child with "special needs;" trial court's decision to take additional evidence "was not in accord with the nature of judicial review provided by § 14"). *She Enterprises, Inc. v. State Bldg. Code Appeals Bd.*, 20 Mass. App. Ct. 271, 273, 480 N.E.2d 39, 41 (1985) (Section 14(6) "does not authorize a reviewing judge to consider extra-record evidence and

3

The first strand of Chicopee's motion should also be denied. The First Circuit has cautioned that a court "should look with a critical eye on a claim, such as made here, that the credibility of a witness is a central issue. The claim of credibility should not be an 'open sesame' for additional evidence." *Town of Burlington*, 736 F.2d at 791.[4] Chicopee's claim that the hearing officer's stated reason for according Dr. Souweine's opinion "little weight" here is inconsistent with the *Malik* decision does not withstand scrutiny. The hearing officer gave Dr. Souweine's opinion little weight because not only had Dr. Souweine not evaluated the student, but she also found the results of the tests conducted by others confusing, and her knowledge of the new READ 180 program came from public relations materials submitted to her by Chicopee and an observation of Chicopee's use of the program. The *Malik* decision does not suggest that Dr. Souweine's opinion was or would be credited in circumstances in which she was confused by test results and had little knowledge of a program. Furthermore, the hearing officer found here that Chicopee "did not fully explain the proposed program to [the Parents] until the hearing in February 2004," five months *after* the September 2003 unilateral placement that is under review. First volume of documentary record, p. 97, 99. The hearing officer also concluded, among other things, that there was no evidence that READ 180 is

---

make findings").

[4] *Brougham v. Town of Yarmouth*, 823 F. Supp. 9, 14 (D. Maine 1993), cited by Chicopee, does not stand for the proposition for which Chicopee cites it. *Pl. Supporting Memo.*, pp. 1-2. Chicopee indicates that the case directly states or clearly supports the proposition that the "precise boundaries of additional evidence in the First Circuit is left to the sound discretion of the trial judge." *Pl. Supporting Memo.*, pp.1-2. However, the page of the case cited by Chicopee sets forth the Court's statements about the related topic of the degree of deference due to administrative findings. The case nowhere discusses, or even mentions, the standard under which a Court is to assess proffered additional evidence. Furthermore, the case is a decision of a coordinate District Court – not a binding decision of the First Circuit, contrary to an indication in the memorandum.

4

"a targeted, rule-based, phonetic system designed to remediate individual learning disabilities" and that the IEP proposed in June 2003 did not even provide the full 90 minutes daily instruction recommended by the *program's own developers*. First volume of documentary record, p. 100. No amount of testimony from Dr. Souweine about what she may have done in another matter will remedy these defects. Chicopee has not provided the "solid justification" required of a party seeking to introduce additional evidence. *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1990), *cert. denied*, 499 U.S. 912 (1991).

## CONCLUSION

Wherefore, the Department respectfully requests that this Court deny the *Plaintiff's Motion for Leave to Offer Additional Evidence* (docket, paper no. 38).

By its attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: *James S. Whitcomb*
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED: September 17, 2004.

## CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 17th day of September 2004, I served the foregoing *Defendant Massachusetts Department of Education's Opposition to "Plaintiff's Motion for Leave to Offer Additional Evidence"* on both other parties by mailing, by first class mail, postage prepaid, a true copy of the document to each other party's respective counsel of record:

| | |
|---|---|
| Claire L. Thompson, Esquire<br>Doherty, Wallace, Pillsbury<br>& Murphy, P.C.<br>One Monarch Place<br>1414 Main Street, 19th Floor<br>Springfield, MA 01144 | Derek M. Beaulieu, Esquire<br>1242 Main Street, Suite 306<br>Springfield, MA 01103 |

_____
James S. Whitcomb