UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHICOPEE, acting through the Chicopee Public Schools,<br>　　　　　　Plaintiff<br><br>　　　　v.<br><br><br>DAVID T., as Parent and next friend of Kaitlyn T., and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br>　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-30087-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER WITH REGARD TO
PLAINTIFF'S MOTION FOR LEAVE TO OFFER ADDITIONAL EVIDENCE
(Document No. 38)
October 6, 2004

NEIMAN, U.S.M.J.

　　Chicopee Public Schools ("Chicopee"), the plaintiff in this matter, seeks permission to introduce additional evidence in its appeal of a decision by the Bureau of Special Education Appeals ("BSEA") of the state Department of Education, one defendant in this matter, favorable to David T., the other defendant, who is parent and next friend of Kaitlyn T.  Chicopee filed its appeal pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, and Mass. Gen. L. ch. 30A, § 14. In essence, Chicopee seeks to offer additional information for the court's consideration from a neuropsychologist who served as an expert witness at the administrative hearing.  David T. and the Department of Education oppose the motion.  For the reasons which follow, the court will deny Chicopee's motion.

The parties generally agree that any party may apply to the court for leave to introduce evidence beyond that which was introduced at the administrative hearing itself. *See Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984). The parties also agree that the introduction of such additional evidence is within the discretion of the court. *See id. See also* 20 U.S.C. § 1415(e)(2) ("the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the Court deems is appropriate").

Here, Chicopee seeks to introduce two types of additional evidence. First, Chicopee wants to offer further testimony of Dr. Judith Souweine concerning her prior testimony at the administrative hearing. Second, Chicopee seeks to offer information about Dr. Souweine's testimony as a witness in a separate BSEA matter, *Malik v. Gateway Reg'l Schools*, BSEA No. 04-0314, and its impact on her credibility in the present case. In the court's estimation, neither piece of evidence ought to be added to the existing record.

As for Dr. Souweine's proposed "further testimony" in the instant matter, the very case upon which Chicopee relies states that the additional evidence clause "does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Town of Burlington*, 736 F.2d at 790 (construing 20 U.S.C. § 1415(e)(2)). As Chicopee must per force acknowledge, Dr. Souweine had the opportunity to testify fully at the administrative hearing and the transcript of her testimony is available to this court and may be considered once the parties file cross-motions for summary judgment.

2

In addition, this is obviously not a situation involving "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, [or] evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.*

Similarly, Chicopee's argument that the *Malik* decision, which supposedly relates to Dr. Souweine's credibility, should be added to the mix is unpersuasive. The First Circuit cautioned in *Town of Burlington* that courts "should look with a critical eye on a claim, such as made here, that the credibility of a witness is a central issue." *Id.* at 791. A credibility claim, the First Circuit continued, "should not be an 'open sesame' for additional evidence." *Id.* Here, as Defendants argue, no amount of testimony from Dr. Souweine about what she may have done in another matter will remedy any defects Chicopee believes occurred during the course of her testimony in the instant administrative proceeding. In short, Chicopee has not provided the "solid justification" required of a party seeking to introduce additional evidence. *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990).

Accordingly, the court DENIES Chicopee's motion for leave to offer additional evidence. The parties shall hereafter abide by the court's scheduling order of August 4, 2004.

IT IS SO ORDERED.

DATED: October 6, 2004

                                            /s/ Kenneth P. Neiman
                                          KENNETH P. NEIMAN

                              U.S. Magistrate Judge