UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHICOPEE, Acting through the Chicopee Public Schools,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID T. As Parent and next friend of Kaitlyn T. and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>　　　　Defendants. | CIVIL ACTION NO. 04-30087-MAP |

**DEFENDANT MASSACHUSETTS DEPARTMENT OF EDUCATION'S MOTION
TO AMEND SCHEDULING ORDER TO ENLARGE, UNTIL JANUARY 7, 2005,
TIME PERIOD WITHIN WHICH TO FILE ITS
(1) OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
(2) CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Massachusetts Department of Education – by and through the Attorney General of the Commonwealth of Massachusetts, its counsel – moves, pursuant to FED. R. CIV. P. 6(b)(1) and 16(b), that the Court amend the *Scheduling Order*, ¶ 3 (docket, paper no. 36) to enlarge, until January 7, 2005, the time period within which the Department may file its (1) opposition to the plaintiff's motion for summary judgment (docket, paper no. 50) and (2) a cross-motion for summary judgment.

As grounds for this motion, the Department states that:

1.　　In an October 6, 2004, memorandum and order (docket, paper no. 48), this Court (Neiman, U.S.M.J.) denied the plaintiff's motion for leave to present additional evidence (docket, paper no. 38).

2. Under the Scheduling Order, the plaintiff's motion for summary judgment was due within thirty days, that is, by November 5, 2004. Scheduling Order, ¶ 2.

3. On November 2, 2004, the plaintiff – with the assent of the Department – moved to enlarge until November 19, 2004, the time period within which it could file its motion for summary judgment (docket, paper no. 49). The Court allowed this motion.

4. On November 19, 2004, the plaintiff filed a motion for summary judgment and 52-page supporting memorandum (docket, paper 50).

5. Under the Scheduling Order, the Department's opposition to the plaintiff's motion for summary judgment and the Department's cross-motion for summary judgment must be filed not later than today. Scheduling Order, ¶ 3.

6. The undersigned counsel needs an enlargement. On Thursday, November 18, 2004 – the day before the plaintiff's motion for summary judgment was filed – the Office of the Attorney General was served with process in a civil action, assigned to the undersigned that day, in which a hearing on an application for a preliminary injunction was scheduled for hearing on the following Wednesday, November 24 (the day before Thanksgiving). *Gino E. Lucchesi v. Public Employee Retirement Administration Commission and Commonwealth of Massachusetts*, Hampden County Superior Court, Civil Action No. 04-1100. This action appears to be the first in which a retired member of a retirement system has refused to return to work following a Regional Medical Panel determination that the member is able to perform the essential duties of the position from which he retired (or a similar position within the same department). M.G.L. c. 32, § 8 (as amended through St.1996, c. 306, § 16) and the applicable regulation, 840 Code of Massachusetts Regulations § 10.13(2). During the period from Thursday, November 18, through Wednesday, November 24, the

undersigned spent a substantial portion of work hours investigating the facts of the matter, researching the legal issues, and preparing papers in opposition to the request for equitable relief.

7.  During the period from Monday, November 29, 2004, through Friday, December 10, 2004, the undersigned drafted and filed a brief in an impounded civil matter. Massachusetts Appeals Court, No. 04-P-553.

8.  During some days last week and today, the undersigned drafted and served a motion for judgment on the pleadings on an issue of standing in an action seeking judicial review of an arbitration decision. *National Association of Government Employees (Hal Etkin) v. Commonwealth of Massachusetts (Criminal Justice Training Council)*, Hampden County Superior Court, Civil Action No. 03-416.

9.  Co-defendant David T.[1], through his counsel, assents to this enlargement. Plaintiff, through its counsel, would agree to an enlargement only to December 30, 2004. However, the undersigned would like to be out of the office for personal reasons for some days between today and Thursday, December 30, 2004, and needs time beyond that date to file its papers here.

---

[1] On December 18, 2004, David T. filed his motion for summary judgment (docket, paper no. 51) and a motion for leave to submit a memoranda in excess of 25 pages (docket, paper no. 52). See LR. 7.1(B)(4) (prohibiting filing of memoranda in excess of 20 pages without leave of court). The memorandum was entered today (docket, paper no. 53). Although, it is not clear from the text of the recently-filed documents, they have been filed by David T. only, not the Department.

3

## CONCLUSION

Wherefore, the Department respectfully requests that this Court allow this motion.

By its attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: *[signature]*
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413) 784-1240, ext. 113 (telephone)
(413) 784-1244 (facsimile)
B.B.O. No. 557768

DATED: December 20, 2004.

## CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 20th day of December 2004, I served the foregoing *Defendant Massachusetts Department of Education's Motion to Amend Scheduling Order to Enlarge, until January 7, 2005, Time Period within which to File its (1) Opposition to Plaintiff's Motion for Summary Judgment and (2) Cross-motion for Summary Judgment* on both other parties by either delivering or mailing – as indicated below -- a true copy of the document to each other party's respective counsel of record:

| | |
|---|---|
| Claire L. Thompson, Esquire<br>Doherty, Wallace, Pillsbury<br> & Murphy, P.C.<br>One Monarch Place<br>1414 Main Street, 19th Floor<br>Springfield, MA 01144<br><br>*(By Delivering)* | Derek M. Beaulieu, Esquire<br>1242 Main Street, Suite 306<br>Springfield, MA 01103<br><br>*(By Mailing)* |

*[signature]*
James S. Whitcomb

4