UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| CITY OF CHICOPEE, Acting through the Chicopee Public Schools,<br>    Plaintiff<br><br>v.<br><br>DAVID T. As Parent and next friend of Kaitlyn T. and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br>    Defendants | CIVIL ACTION NO 04-30087-MAP |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO RE-OPEN

Now comes the Plaintiff, The City of Chicopee, Acting through the Chicopee Public Schools ("Chicopee") and hereby respectfully requests that this Court deny the Motion to Re-Open filed by Defendant David T., as parent and next friend of Kaitlyn T. (the "Defendant").[1]  Support for denying the Defendant's motion, which seeks to re-open a case closed over sixteen months ago, is based upon the fact that there is no legal support for the Defendant's motion.

The Court should deny the Defendant's motion because it is without any legal basis whatsoever.  The Defendant has set forth no rule or law providing for the grant of such a motion; in addition, the Defendant has failed to comply with Local Rule 7.1 of the U.S. District Court for the District of Massachusetts.  Local Rule 7.1 requires that the Defendant "*file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted*."  Here, the Defendant has failed to file such a memorandum, leaving the Plaintiff and the Court to wonder what, if any, legal basis supports the granting

---

[1] Should the Court choose to allow the Defendant's Motion to Re-Open, Chicopee reserves its right to respond to the Defendant's Motion for Preliminary Injunction.

318909.1

of the Defendant's motion to re-open. The First Circuit Court of Appeals has opined: "[v]alid local rules are an important vehicle by which courts operate. Such rules carry the force of law, and they are binding upon the litigants and upon the court itself." *Air Line Pilots Association v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 224 (1st Cir.1994).[2] The First Circuit has also recognized that "[d]istrict courts enjoy broad latitude in adopting and administering such local rules." *Id.*, *see also, e.g., Ramsdell v. Bowles,* 64 F.3d 5, 7 (1st Cir.1995) (acknowledging the district court's "great leeway in the application and enforcement of its local rules"). In exercising that discretion, district courts may, where appropriate, "demand adherence to specific mandates contained in the rules." *Air Line Pilots Ass'n,* 26 F.3d at 224. Accordingly, Chicopee asks this Court to exercise its discretion and deny the Defendant's motion. *See, e.g.*, *Cook v. McLaughlin,* 917 F.Supp. 79, 81 (D.Mass.1996) (where party failed to comply with LR. 7.1(B)(2) by failing to filing its opposition to a motion until sixty-four days after service of the motion, court found the opposition untimely and ordered that the opposition papers be stricken).

Moreover, the Defendant asks this Court to re-open a case—more than sixteen months after it was closed—to allow the Defendant an opportunity to seek relief that the Court could not have granted in the first instance. This matter arose out of Chicopee's Complaint for Judicial Review of a decision rendered by the Bureau of Special Education Appeals ("BSEA") on April 7, 2004. Chicopee filed its complaint on May 6, 2004. The Court heard oral argument on the parties' cross-motions for summary judgment on March 21, 2005. The *only issue* before the Court, as set forth in the Court's Memorandum of

---

[2] Indeed, even "a litigant's pro se status [does not] absolve him from compliance with the Federal Rules of Procedure." *United States v. Heller,* 957 F.2d 26, 31 (1st Cir. 1992) (quoting *Feinstein v. Moses,* 951 F.2d 16, 21 (1st Cir. 1991)).

318909.1

Decision, was whether the BSEA Hearing Officer's decision was supported by the record. The Court found that the Hearing Officer's decision was "well supported by the record and sensibly resolved the difficult issues before her." Accordingly, the Court entered its ruling in favor of the Defendant on March 23, 2005, and the case was closed. Now, sixteen months later, the Defendant asks this Court to re-open the case so that the Defendant can, in effect, raise a new claim.[3] The Court's ruling fully resolved the issues in the case and the Defendant's motion should be denied.

Wherefore, for the reasons stated above, Chicopee respectfully requests that the Court deny the Defendant's Motion to Re-Open.

                                    THE DEFENDANT, CITY OF
                                    CHICOPEE ACTING THROUGH THE
                                    CHICOPEE PUBLIC SCHOOLS,

                                    */s/ Claire L. Thompson*
                              By _____
                                    Claire L. Thompson, Esq.
                                    Doherty, Wallace, Pillsbury
                                      & Murphy, P.C.
                                    1414 Main Street, 19th Floor
                                    Springfield, MA  01144-1900
                                    Phone:  (413) 733-3111
                                    Fax:    (413) 734-3910
                                    B.B.O. No:  550262

---

[3] It should be noted that the relief ultimately sought, an order that Chicopee pay tuition and transportation costs, relates to the period September 2005 to May 2006—a period commencing six months *after* the Court's ruling.

318909.1

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the above document was electronically served upon the attorneys of record for each party on July 26, 2006.

               */s/ Claire L. Thompson*
               Claire L. Thompson

318909.1